UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **MICHELLE SHULTZ**, individually and on behalf of all other similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>**EMBRACE HOME LOANS, INC.**,<br><br>*Defendant*. | **CLASS ACTION**<br><br>Case No.: 1:23-cv-00106-WES-PAS |

**ANSWER AND AFFIRMATIVE DEFENSES
BY DEFENDANT EMBRACE HOME LOANS, INC.**

Embrace Home Loans, Inc., through its undersigned counsel, answers the Complaint filed by plaintiff Michelle Shultz on March 13, 2023. Embrace denies each and every allegation not expressly admitted below, including without limitation the un-numbered paragraph at the beginning of the Complaint.

1. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Embrace admits the allegations set forth in paragraph 5 of the Complaint.

6. Embrace admits that the Court has jurisdiction over this case. Embrace otherwise

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

  7. Embrace admits that the Court has personal jurisdiction over the parties. Embrace otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 7 of the Complaint.

  8. Embrace admits that venue is proper in this Court. Embrace otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 8 of the Complaint.

  9. Embrace admits that its practices comply with the TCPA and related regulations. Embrace otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 9 of the Complaint.

  10. Embrace admits that its practices comply with the TCPA and related regulations. Embrace otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

  11. Embrace admits that its practices comply with the TCPA and related regulations. Embrace otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 11 of the Complaint.

  12. Embrace admits that its practices comply with the TCPA and related regulations. Embrace otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 12 of the Complaint.

  13. Embrace admits that its practices comply with the TCPA and related regulations. Embrace otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 13 of the Complaint.

14. Embrace admits that its practices comply with the TCPA and related regulations. Embrace otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 14 of the Complaint.

15. Embrace admits that its practices comply with the TCPA and related regulations. Embrace otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 15 of the Complaint.

16. Embrace admits that its practices comply with the TCPA and related regulations. Embrace otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 16 of the Complaint.

17. Embrace admits that its practices comply with the TCPA and related regulations. Embrace otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 17 of the Complaint.

18. Embrace admits that its practices comply with the TCPA and related regulations. Embrace otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 18 of the Complaint.

19. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 33 of the Complaint.

34. Embrace lacks knowledge or information sufficient to form a belief about the truth

of the allegations set forth in paragraph 34 of the Complaint.

35. Embrace denies the allegations set forth in paragraph 35 of the Complaint.

36. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 36 of the Complaint.

37. Embrace denies the allegations set forth in paragraph 37 of the Complaint.

38. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 38 of the Complaint.

39. Embrace denies the allegations set forth in paragraph 39 of the Complaint.

40. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 40 of the Complaint.

41. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 41 of the Complaint.

42. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 42 of the Complaint.

43. Embrace denies the allegations set forth in paragraph 43 of the Complaint.

44. Embrace denies the allegations set forth in paragraph 44 of the Complaint.

45. Embrace denies the allegations set forth in paragraph 45 of the Complaint.

46. Embrace denies the allegations set forth in paragraph 46 of the Complaint.

47. Embrace denies the allegations set forth in paragraph 47 of the Complaint.

48. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 48 of the Complaint.

49. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 49 of the Complaint.

50. Embrace denies the allegations set forth in paragraph 50 of the Complaint.

51. Embrace denies the allegations set forth in paragraph 51 of the Complaint.

52. Embrace denies the allegations set forth in paragraph 52 of the Complaint.

53. Embrace denies the allegations set forth in paragraph 53 of the Complaint.

54. Embrace lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 54 of the Complaint.

55. Embrace denies the allegations set forth in paragraph 55 of the Complaint.

56. Embrace denies the allegations set forth in paragraph 56 of the Complaint.

57. Embrace denies the allegations set forth in paragraph 57 of the Complaint.

No response is required to the prayer for relief or the demand for jury trial set forth at the end of the Complaint. To the extent a response is required, Embrace denies that plaintiff has been harmed and denies that she is entitled to any relief in this case.

## AFFIRMATIVE DEFENSES

Embrace asserts the following affirmative defenses to the Complaint and reserves the right to raise such additional affirmative defenses as may be established during the course of discovery and in the investigation of this matter. In asserting these affirmative defenses, Embrace does not assume any burden of proof, persuasion, or production on such defenses where such burden would otherwise fall on plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Embrace, because, among other reasons, plaintiff or other putative class members gave her or their prior express invitation or permission to receive the subject calls.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, and the Court lacks subject matter jurisdiction over this matter, because neither plaintiff nor putative class members have Article III standing to pursue this action where they did not suffer an injury-in-fact.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent that plaintiff suffered damages, which Embrace denies, the damages were caused by a person or entity other than Embrace.

## FOURTH AFFIRMATIVE DEFENSE

Any award of statutory or punitive damages to plaintiff would be grossly disproportionate to any actual injury allegedly sustained by plaintiff and would therefore deny Embrace its rights under the Due Process and Excessive Fines Clauses of the United States Constitution. Furthermore, the TCPA imposes liabilities, penalties, or fines that are so excessive, severe, and oppressive as to be obviously unreasonable and wholly disproportionate to the alleged offense of placing a telephone call, and the TCPA thereby violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Embrace's conduct with respect to plaintiff was at all times reasonable, justified, and in complete good faith.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent that plaintiff suffered any damages, which Embrace denies, plaintiff's own actions caused the damages of which plaintiff complains.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, Embrace, in its routine business practice, maintains reasonable practices and procedures to prevent errors of the type alleged in the Complaint.

Respectfully submitted,

EMBRACE HOME LOANS, INC.,

By its attorneys,

*/s/ Christopher J. Valente*
Christopher J. Valente (# 8808)
   christopher.valente@klgates.com

*/s/ Gregory N. Blase*
Andrew C. Glass, *pro hac vice*
   andrew.glass@klgates.com
Gregory N. Blase, *pro hac vice*
   gregory.blase@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel.   (617) 261 3100
Fax.   (617) 261 3175

Dated: May 4, 2023

## CERTIFICATE OF SERVICE

I, Gregory N. Blase, certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 4th day of May, 2023.

*/s/ Gregory N. Blase*
Gregory N. Blase